# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| v. | : | |
| ELLIOTT LOYRANZY ARMSTRONG, | : | |
| Defendant. | : | NO. CR294-069 |

### O R D E R

Presently before the Court is Armstrong's motion for reconsideration of an order that denied his prior motion, which he had characterized as being made pursuant to Federal Rule of Civil Procedure 60(b)(6).[1]  Because Armstrong's motion is a

---

[1] Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or a prior judgment
(continued...)

second or successive habeas petition, his motion for reconsideration will be **DENIED**.

## BACKGROUND

In 1995, Armstrong was convicted of armed car-jacking and related offenses, and is now serving a 270 month term of incarceration at the Federal Correctional Institution in Jesup, Georgia. In 2001, the Court dismissed Armstrong's habeas corpus petition, pursuant to 28 U.S.C. § 2255, as untimely. Contrary to Armstrong's contention, his habeas petition was not dismissed without prejudice. Instead, U. S. Magistrate Judge James E. Graham's report and recommendation was clear that Armstrong's petition was untimely, and the Court agreed with that conclusion. Dkt. Nos. 116 & 118.

In the instant motion, Armstrong complains that the Court failed to follow the Eleventh Circuit mandate when it resentenced him in 1996, and that his attorney failed to file a timely notice of appeal after his resentencing.

---

[1](...continued)
upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2

**DISCUSSION**

A prisoner who has unsuccessfully filed a habeas petition may use Rule 60(b) to attack "some defect in the integrity of the federal habeas proceedings[,]" without complying with the stringent habeas corpus requirements; namely, certification by the appropriate appellate court that the prisoner's claim involves newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. Gonzalez v. Crosby, 162 L. Ed. 2d 480, 493 (2005); 28 U.S.C. § 2255. Yet, when a Rule 60(b) motion attacks "the substance of the federal court's resolution of a claim on the merits[,]" a district court is obliged to treat it as a petition for habeas corpus. Gonzalez, 162 L. Ed. 2d at 492-93.

Armstrong's complaints do not call into question the integrity of his federal habeas proceedings, but instead raise new grounds for relief. Armstrong is not "merely assert[ing] that a previous ruling which precluded a merits determination was in error[.]" Id. at 492-93 n.4. As a result, Armstrong's motion qualifies as a second or successive habeas petition. See also Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253,

3

1287-1301 (11th Cir. 2004)(Tjoflat, J., specially concurring in part and dissenting in part).[2]

Because Armstrong has not obtained permission from the Eleventh Circuit to pursue his claims for relief, the Court must dismiss his petition. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); Gonzalez, 162 L. Ed. 2d at 490-96 (interpreting similar habeas corpus provision for persons convicted in state courts, 28 U.S.C. § 2254).

**CONCLUSION**

For the reasons explained above, Armstrong's motion for reconsideration is **DENIED**. Dkt. No. 137.

**SO ORDERED**, this _____5_____ day of April, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]

The inquiry must proceed case by case. The [district] court must examine the factual predicate set forth in support of a particular motion. When the motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence, then the motion should be treated as a second or successive habeas petition. This situation should be distinguished from one in which the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief. That is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual confines of Rule 60(b).

Id. at 1297 (quoting Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003)). See Gonzalez, 162 L. Ed. 2d. at 496-97 (Breyer, J., concurring)(noting that Judge Tjoflat's explanation was consistent with the majority opinion and his concurring opinion).